IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IRBY JAMES HARDY, #111669,        )
                                  )
          Plaintiff,              )
                                  )
v.                                )   CIVIL ACTION NO. 2:20-CV-950-RAH-JTA
                                  )
CLIFF WALKER, *et al*.,           )
                                  )
          Defendants.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Irby James Hardy, a state inmate currently incarcerated at the Loxley Community Based Facility.  In this complaint, Hardy challenges the decision to deny him parole entered on August 12, 2020.  Doc. 1 at 2–4.  He names Cliff Walker, Leigh Gwathney and Dwayne Spurlock, members of Alabama Board of Pardons and Paroles, as defendants in this civil action, Doc. 1 at 2, and seeks his immediate release from prison.  Doc. 1 at 4.

Upon thorough review of the complaint, the undersigned finds that this case is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915A.[2]

---

[1] All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

[2] Despite Hardy's payment of the filing fee, in any civil action filed by a prisoner against state officials, this court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915A.  This screening procedure requires that "the court . . . dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

## II.  DISCUSSION

Hardy complains the defendants acted in violation of his constitutional rights in deciding to deny him parole.  Doc. 1 at 2–4.  Specifically, Hardy alleges the defendants denied parole in violation of his equal protection rights due to racial and gender discrimination.  Doc. 1 at 2.  He further contends the defendants based the adverse parole decision on false information, Doc. 1 at 3, and issued the decision in retaliation for his seeking access to the courts, Doc. 1 at 4.  Hardy argues absent these violations of his constitutional rights he is entitled to release on parole.  Doc. 1 at 4.  In accordance with well-established law, Hardy's claims alleging the improper denial of parole and his attendant assertion of entitlement to release on parole are not properly before the court in a 42 U.S.C. § 1983 action.  *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In sum, applicable federal law provides that claims alleging an improper denial of parole and seeking release from imprisonment should be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus.  *See Heck,* 512 U.S. at 481 (The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Edwards,* 520 U.S. at 645 (The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus.); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his current incarceration "is to

file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.  "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of the adverse action resulting in his incarceration])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct [resulting in confinement] or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

The principles espoused in *Heck* and *Balisok* foreclosing review of claims which go to the fundamental legality of a prisoner's confinement in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to the denial of parole.  *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of [the adverse parole decision] . . . and his resulting imprisonment. . . .  Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *Littles v. Board of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir.1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging an adverse parole decision where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson*

*v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) ("A favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [Plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court . . . unless the parole revocation 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'") ; *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) ("*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

It is clear that the denial of parole about which Hardy complains has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Thus, under the circumstances of this case, *Heck* and its progeny bar Hardy's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of the decision to deny him parole. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [challenged decision] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not

exhaustion.").  Consequently, Hardy's challenges to the constitutionality of the decision to deny him release on parole and his current imprisonment based on such denial is not cognizable in this civil action as it provides no basis for relief at this time, and these challenges are therefore due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915A(b)(1).[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915A(b)(1) as such claims currently provide no basis for relief in the instant cause of action.

On or before **December 29, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error

---

[3] Hardy is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of December, 2020.


 /s/ Jerusha T. Adams                                              
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE